CASE 8—PETITION EQUITY—MARCH 22.

# Williams, &c., v. Samuels.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

1. VENDOR'S LIEN—EXCHANGE OF LANDS—HOMESTEAD.—Where land upon which the vendor has a lien for purchase money has been ex-changed by the vendee for other land, the vendor, to prevent a multi-plicity of actions, may subject the land thus received by the vendee in exchange; and neither the vendee, nor his widow and children if he be dead, will be entitled to a homestead as against the vendor's claim.

2. SAME.—When land which one has received in exchange for another tract of land is taken from him to satisfy a lien for purchase money, which existed when he received the land, he may recover the land which he gave in exchange free from any claim of the party in pos-session to a homestead.

A. H. HOWARD AND JOHN W. HOWARD FOR APPELLANTS.

1. It was error to decree a sale of any lands in the possession of appel-lants not included in the deed from appellee and wife to the decedent, Chandler Williams.

Williams, &c , v. Samuels.

2. In order to bind infant defendants, every material allegation stated in the petition must be proved.

3. To have made the judgment effectual against appellants, appellees should have had the land divided by a court of competent jurisdiction, and had allotted to the widow and infant children that part sold to the decedent by appellee, and then have instituted proceedings to have his lien enforced.

4. It was error to decree a sale of land to which appellants were entitled as a homestead.

5. The court had no jurisdiction to order a sale of the real estate of infants until commissioners were appointed to value all the real and personal estate of the infants, and the annual profits of the same under oath, and had reported to court.

Authorities cited: Civil Code, subsec. 1 of sec. 126; *Idem*, sec. 125; Smith v. Bryant, 7 J. J. M., 374; Triplett v. Gill, *Idem*, 438; Blackerby v. Holton, 5 Dana, 523; Dean v. Boyd, 9 Dana, 171; Clark v. Bell, 4 Dana, 16; Carpenter v. Strother, 16 B. M., 296; Barrett v. Churchill, 18 B. M., 389; Wyatt v. Mansfield, 18 B. M., 781; Woodcock v. Bowmam, 4 Met., 41.

WM. CROMWELL FOR APPELLEE.

1. As this appeal is prosecuted upon a partial transcript without a schedule, the court will presume that the omitted parts of the record would sustain the action of the lower court, and will affirm the judgment. (Terrell v. Rowland, 9 Ky. Law Rep., 258 ; Brassfield v. Burgess, &c., 10 Ky. Law Rep., 661.)

2. It was proper to order the commissioner to sell first the tract of land which the decedent had not disposed of. (Blight's Heirs v. Banks, 6 Mon., 198.)

3. This is a proceeding based substantially upon section 10 of article 1, chapter 44, General Statutes, to subject estate descended to the widow and heirs, and no demand was necessary. (Johnson v. Belt, 4 Bush, 405.)

4. As the debtor was not entitled to a homestead in the land given in exchange, his widow is not entitled to a homestead in the land received in exchange. (Gen. Stats., chap. 38, art. 13, sec. 16.)

5. The widow and heirs are mere volunteers, and, as between them and purchasers for value, it was proper to subject first the land descended to them.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, John Samuels, conveyed, by deed, a tract of land to Chandler Williams, husband of the appellant. A lien was retained on the land to secure

the payment of the unpaid purchase-money. Said
Williams, in his life-time, sold portions of this land
to different persons. He conveyed one portion to
Daniel Adams in exchange for another piece of land,
which said Adams conveyed to him. Said Williams
died intestate, leaving the appellant, his widow, and
infant children residing on the land received in ex-
change, as a homestead. The appellee, Samuels, after
the death of Williams, instituted suit in equity against
the appellant and said children for the purpose of
enforcing his lien on said land for the payment of
said purchase-money.

Said Adams appeared in said case by cross-petition,
and set up the fact that the land he swapped to said
Williams for a portion of the tract sold by the appel-
lee to Williams, and upon which he was seeking to
enforce his vendor's lien, was in the possession of
the appellant and said children, as widow and heirs
of said Williams, and the same was liable for said
debt; and as he, in case the land that he received
from Williams was sold to satisfy appellee's lien,
would have the right to the land that he exchanged
for it, the court, to prevent a multiplicity of actions,
should sell the land received in exchange by Williams,
instead of the portion of the land that Williams con-
veyed to him. The appellant resisted this manner of
proceeding upon the ground that, as said land was
unencumbered with any lien at the time her husband
received a conveyance from Adams, and as her home-
stead right in said land attached while it was in that
condition, it could not be sold to satisfy said debt.

The negative answer to this proposition is beyond

any real ground of controversy. The appellee's debt subsisted at the time Williams acquired the title, by the exchange, to this land. Therefore, it was, in the hands of the appellant and said children, subject to said debt. The appellee was not confined to the property upon which he held a lien, even if said lien did not attach to this property, for the payment of his debt. All the property that Williams died possessed of that was subject to his debts was subject to the appellee's debt, notwithstanding he held a lien on a portion of it for the payment of said debt, which debt was older than said Williams' right to a homestead in said land; consequently, it was subject to said debt. It is true that, ordinarily, the chancellor, in order to save the appellant's right to a homestead, would compel the appellee to exhaust his lien on the land upon which it was reserved, before subjecting any part of the land taken in exchange. This is upon the principle that, where a person has right to subject two pieces of property or two funds to the payment of his debt, and the subjecting of one of the pieces or one of the funds to the payment of said debt will interfere with the intermediate rights of third persons, and the subjecting of the other, without greater inconvenience or hazard, will not interfere with such intermediate rights, it is the duty of the chancellor to compel the person to exhaust this latter property or fund before resorting to the former; but this equitable rule does not obtain in this case, for the reason that a resort to the land on which the appellant reserved a lien, instead of that taken in exchange, would be entirely inequitable as between the appellant and said

Adams, for surely it will not be contended that Adams' right to have said land taken in exchange subjected to the payment of said debt is not superior to the appellant's right to a homestead therein. The land that he took in exchange was subject to the appellee's lien, and was not subject as against said lien to Williams' homestead, and Williams exchanged this land to Adams without having lifted this lien, which it was his duty to do ; and if the land should be subjected to said lien by reason of his failure to do so, there is no good reason why Adams should not recover the land that he conveyed in exchange as free from the home-stead right as was the land which Williams conveyed to him. The consideration given in exchange was land —thing for thing—and if Adams should lose the thing that he received by any adverse and paramount right to that of Williams, and if Williams should be bound to make good the loss, Adams, if the thing given to Williams in exchange was in the possession of Williams or his heirs, could recover it as the specific consideration which he had given for the thing conveyed to him, and which he had lost by paramount right.

The judgment is affirmed.